UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW HOPKINS,<br><br>        Plaintiff,<br><br>        v.<br><br>BIOHAVEN PHARMACEUTICAL HOLDING COMPANY LTD., VLAD CORIC, IRINA A. ANTONIJEVIC, GREGORY H. BAILEY, JOHN W. CHILDS, DOUGLAS GRAY, JULIA P. GREGORY, MICHAEL T. HEFFERNAN, ROBERT J. HUGIN, and KISHEN MEHTA,<br><br>        Defendants. | **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>Case No. _____<br><br>JURY TRIAL DEMANDED |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. On May 10, 2022, Biohaven Pharmaceutical Holding Company Ltd. ("Biohaven" or the "Company") announced that it will be acquired by Pfizer Inc. ("Pfizer") (the "Proposed Transaction").

2. On May 9, 2022, Biohaven's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Pfizer and Bulldog (BVI) Ltd. Pursuant to the terms of the Merger Agreement, Biohaven's stockholders will receive $148.50 in cash for each share of Biohaven common stock they own.

3. On July 1, 2022, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading, in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all times relevant hereto the owner of Biohaven common stock.

9. Defendant Biohaven is a British Virgin Islands business company. The Company's principal executive offices are located at 215 Church Street, New Haven, CT 06510. Biohaven's common stock is traded on the NYSE, which is headquartered in New York, NY, under the ticker symbol "BHVN."

10. Defendant Vlad Coric is Chairman of the Board and Chief Executive Officer of the Company.

11. Defendant Irina A. Antonijevic is a director of the Company.

12. Defendant Gregory H. Bailey is a director of the Company.

13. Defendant John W. Childs is a director of the Company.

14. Defendant Douglas Gray is a director of the Company.

15. Defendant Julia P. Gregory is a director of the Company.

16. Defendant Michael T. Heffernan is a director of the Company.

17. Defendant Robert J. Hugin is a director of the Company.

18. Defendant Kishen Mehta is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. Biohaven is a commercial-stage biopharmaceutical company with a portfolio of innovative, best-in-class therapies to improve the lives of patients with debilitating neurological and neuropsychiatric diseases, including rare disorders.

21. On May 9, 2022, Biohaven's Board caused the Company to enter into the Merger Agreement.

22. As set forth in the press release announcing the Proposed Transaction:

Pfizer Inc. (NYSE: PFE) and Biohaven Pharmaceutical Holding Company Ltd. (NYSE: BHVN) today announced that the companies have entered into a definitive agreement under which Pfizer will acquire Biohaven, the maker of NURTEC® ODT, an innovative dual-acting migraine therapy approved for both acute treatment and episodic prevention of migraine in adults.

Under the terms of the agreement, Pfizer will acquire all outstanding shares of Biohaven not already owned by Pfizer for $148.50 per share in cash. Biohaven

common shareholders, including Pfizer, will also receive 0.5 of a share of New Biohaven, a new publicly traded company that will retain Biohaven's non-CGRP development stage pipeline compounds, per Biohaven common share. The boards of directors of both Biohaven and Pfizer have unanimously approved the transaction. Pfizer will pay transaction consideration totaling approximately $11.6 billion in cash. Pfizer will also make payments at closing to settle Biohaven's third party debt and for the redemption of all outstanding shares of Biohaven's redeemable preferred stock. The $148.50 cash consideration represents a premium of approximately 33% to Biohaven's volume weighted average selling price of $111.70 over the three months prior to the announcement of the transaction.

The proposed transaction includes the acquisition of Biohaven's calcitonin gene-related peptide (CGRP) programs including:

Rimegepant:

Approved in the United States (U.S.) under the trade name, NURTEC® ODT, for both the acute treatment of migraine and preventive treatment of episodic migraine

Approved in the European Union under the trade name, VYDURA®, for both acute treatment of migraine and prophylaxis of episodic migraine

Zavegepant:

On track for a 2Q2022 acceptance (based on March 2022 submission) in the U.S. as an intranasal spray for the acute treatment of migraine and in development as an oral soft gel for chronic migraine prevention

A portfolio of five pre-clinical CGRP assets

"Today's announcement builds on our legacy of delivering breakthroughs for patients living with complex pain disorders and diseases that disproportionately impact women," said Nick Lagunowich, Global President, Pfizer Internal Medicine. "NURTEC® ODT, which is already the #1 prescribed migraine medicine in its class in the United States, coupled with Biohaven's CGRP pipeline, offers hope for patients suffering from migraine worldwide. We believe Pfizer is uniquely positioned to help the portfolio reach its full potential given our leading scale and capabilities, including comprehensive field force engagement with Primary Care Physicians, specialists and health systems delivering the right information at the right time."

This agreement follows on the November 9, 2021 collaboration for the commercialization of rimegepant and zavegepant outside the United States, in connection with which Pfizer invested $350 million to acquire 2.6% of Biohaven's common stock at $173 per share.

4

"We are excited to announce Pfizer's proposed acquisition of Biohaven, recognizing the market leadership of NURTEC® ODT, our breakthrough all in one migraine therapy, and the untapped potential of our CGRP franchise," said Vlad Coric, MD, Chairman and Chief Executive Officer of Biohaven. "Pfizer's capabilities will accelerate our mission to deliver our migraine medicines to even more patients, while the new R&D company is well positioned to bring value to patients and shareholders by focusing on our innovative pipeline for neurological and other disorders. We believe this transaction represents significant future value creation for patients and our collective shareholders."

Following the closing, New Biohaven will continue to operate under the Biohaven name. New Biohaven will be led by Vlad Coric, MD, as Chairman and CEO, and include other members of the current management team of Biohaven. Biohaven common shareholders will receive, for each Biohaven share, 0.5 of a share of New Biohaven distributed via a pro rata distribution of SEC-registered, publicly listed shares. At distribution, New Biohaven will be capitalized with $275 million of cash. New Biohaven will also have the right to receive tiered royalties from Pfizer on any annual net sales of rimegepant and zavegepant in the United States in excess of $5.25 billion.

Pfizer expects to finance the transaction with existing cash on hand.

Pfizer's acquisition of Biohaven is subject to the completion of the New Biohaven spin-off transaction and other customary closing conditions, including receipt of regulatory approvals and approval by Biohaven's shareholders. The companies expect the transaction to close by early 2023.

Due to the proposed transaction, Biohaven will not hold a conference call to discuss its first quarter 2022 financial results and will issue a press release and file a quarterly report on Form 10-Q with the U.S. Securities and Exchange Commission announcing those results on May 10, 2022.

J.P. Morgan acted as Pfizer's financial advisor for the transaction with Ropes & Gray LLP acting as its legal advisor. Centerview Partners acted as Biohaven's financial advisor for the transaction with Sullivan & Cromwell LLP acting as its legal advisor.

23. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction, which omits material information.

Financial Projections

24. The Proxy Statement omits material information regarding Biohaven's financial projections, specifically: the line items underlying the financial projections.

25.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

26.     The Proxy Statement omits material information regarding the financial analyses conducted by Centerview Partners ("Centerview").  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27.     Regarding Centerview's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose: (i) the individual metrics for the transactions utilized by Centerview; (ii) the closing dates of the transactions utilized by Centerview; and (iii) the total values of the transactions utilized by Centerview.

28.     Regarding Centerview's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values utilized by Centerview; (ii) the individual inputs and assumptions underlying the discount rates and rate of free cash flow decline utilized by Centerview; (iii) the number of fully diluted shares utilized by Centerview; (iv) the risk-adjusted after-tax unlevered free cash flows utilized by Centerview; and (v) the line items underlying the unlevered free cash flows utilized by Centerview.

29.     Regarding Centerview's Analyst Price Target Analysis, the Proxy Statement fails to disclose: (i) the price targets utilized by Centerview; and (ii) the sources of the price targets utilized by Centerview.

30. Regarding Centerview's Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions utilized by Centerview; and (ii) the premiums paid in the transactions utilized by Centerview.

## COUNT I

**Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Biohaven**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Biohaven is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Biohaven within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Biohaven and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved

in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 13, 2022

GRABAR LAW OFFICE

By: *(signature)*
Joshua H. Grabar (#5906953)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*